**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

Linda C. Rexford – Case No. 1:21-cv-00471

**NOTICE OF CASE SUBJECT TO DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25**

The defendants, Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively, the "Cook Defendants"), respectfully submit this notice informing the Court that Plaintiff Linda Rexford's ("Decedent") case is subject to dismissal pursuant to Federal Rule of Civil Procedure 25. The Cook Defendants therefore respectfully request that the Court dismiss Decedent's case with prejudice. In support, the Cook Defendants state:

1. Federal Rule of Civil Procedure 25(a)(1) provides that, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party" upon "[a] motion for substitution … made by any party or by the decedent's successor or representative."

2. If a motion for substitution "is not made within 90 days after service of a statement noting the death [of a party], the action by or against the decedent ***must be dismissed***." Fed. R. Civ. P. 25(a)(1) (emphasis added); *see also Louis v. Wright*, 333 F.R.D. 19, 22 (E.D.N.Y. 2017) ("If no motion [for substitution] is timely filed, dismissal [under Rule 25(a)(1)] is mandatory.").

3. On May 12, 2026, this case was selected as one of the three Tulip bellwether cases under the current bellwether trial plan by agreement of the parties. *See* Dkt. 27892, Joint Notice of Stipulation Regarding Günther Tulip Bellwether Case Selections.

4. On July 27, 2026, counsel for Decedent filed a Notice of Suggestion of Death indicating that Decedent had died. Dkt. 28052.

5. As of the date of this notice's filing, (1) more than 90 days have elapsed since the Notice of Suggestion of Death was filed; and (2) no motion for the substitution of a proper party has been filed.

6. Because there is no plaintiff to prosecute the claims in Decedent's case, the case is subject to immediate dismissal pursuant to Rule 25. *See* Fed. R. Civ. P. 25(a)(1); *see also Russell v. City of Milwaukee*, 338 F.3d 662, 663 (7th Cir. 2003) (affirming dismissal with prejudice where the decedent's "representative or attorney did not file for a substitution of parties within 90 days of filing the Suggestion of Death"); *Yazdchi v. Am. Honda Fin. Corp.*, 2006 WL 2456495, at *4 (N.D. Tex. Aug. 23, 2006) ("[P]ursuant to [Rule] 25(a)(1), the court dismisses [the decedent]'s fraud claim with prejudice.").

For the foregoing reasons, the Cook Defendants provide notice to the Court that Decedent's case is subject to immediate dismissal. The Cook Defendants therefore request that the Court dismiss Decedent's case with prejudice.

Dated: October 29, 2026

Respectfully Submitted,

*/s/ Jessica Benson Cox*

Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204

Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Andrea.Pierson@Faegredrinker.com
Jessica.Cox@Faegredrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, Illinois 60606
Telephone: (312) 569-1325
Facsimile: (312) 569-3000
Stephen.Bennett@Faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2026, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Jessica Benson Cox*